Territorial Law Library

FILE

2012 JAN 10 PM 4: 05

SUPERIOR COURT OF GUAM

## IN THE SUPERIOR COURT OF GUAM

RICK FRANCISCO SABLAN, )
)
      Plaintiff, )
)
vs. )
)
LEORA FATIMA ALVAREZ, )
)
      Defendant. )
)

DOMESTIC CASE NO. DM0763-09

DECISION AND ORDER ON MOTION FOR JOINT CUSTODY AND VISITATION

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on Plaintiff's Motion for Joint Custody.[1] Attorney Alisha Molyneux Plaintiff, Rick Sablan. Attorney Gary Wayne Francis Gumataotao represented represented Defendant, Leora Alvarez. Having considered the related law, the documents and pleadings on file, and the parties' arguments, the Court now issues its Decision and Order.

## DISCUSSION

Plaintiff filed a Complaint for Custody on November 18, 2009. Plaintiff and Defendant cohabitated for a period, but terminated this arrangement in 2005. Though the parties never

---

[1] This Court notes some confusion regarding the captions provided by the parties relating to the present motion and the accompanying opposition and reply briefs. Though Plaintiff titled the original motion a "Motion for Joint Custody and Visitation," the motion resembles a summary judgment motion in that it essentially requests that this Court issue an order granting all relief requested within Plaintiff's Complaint. Defendant's response is captioned "Opposition to Plaintiff's Motion for Summary Judgment." However, in her Opposition Defendant does not attempt to raise a factual issue as would be expected if Defendant were opposing a summary judgment motion, but rather asserts a separate argument that she is entitled to judgment as a matter of law. Defendant's Reply is titled "Response to Opposition to Plaintiff's Motion for Joint Custody." Despite the confusion caused by the inconsistent labeling of the briefs and the arguments applied by the parties, this Court nevertheless attempts to resolve the apparent issues raised by Plaintiff's motion.



ORIGINAL

married, it is uncontroverted that Plaintiff is the natural father of the minor child. Plaintiff filed the present motion seeking an order by this Court essentially granting Plaintiff the relief sought in his Complaint: namely, that Plaintiff be awarded joint legal custody of the minor child and scheduled visitation on weekends and holidays.

Defendant opposes the motion, arguing that under Guam law the minor child is illegitimate and that Plaintiff, as the mother, is legally entitled to custody under title 19, section 4109 of the Guam code. Section 4109 provides that "[t]he mother of an illegitimate unmarried minor is entitled to its custody, services, and earnings." 19 G.C.A. § 4109. Defendant asserts that Plaintiff failed to execute a proper affidavit affirming the paternity of the child and legitimating the child as required by title 19, section 4124(a) of the Guam Code. The defendant, however, conspicuously omits subsection (b), which conclusively establishes the minor child's legitimacy in this case. Section 4124(b)(3) provides:

> A child shall be considered legitimate for all purposes if, before the child's eighteenth birthday, a court of competent jurisdiction has determined the paternity of said child, in any divorce action, paternity action, or action for support.

The parties in this case have been involved in a child support action involving the same minor child and in that action a Guam court determined that Plaintiff in this case is the minor child's father and that court has ordered Plaintiff to pay child support. This Court agrees with Plaintiff that the court's finding in this related child support action clearly meets the requirements of section 4124(b)(3) to establish the legitimacy of the minor child. As such, Defendant is not entitled to custody as a matter of law.

Having determined that the child is legitimate, Plaintiff may be entitled to joint legal custody or visitation. However, this Court declines to simply issue summary relief to Plaintiff on his "Motion Joint Custody and Visitation." There has been no trial in this matter and there

 

remain issues of fact regarding what custody arrangement would be in the best interests of the child. If the parties cannot reach a stipulation regarding joint legal custody, then a custody determination by this Court must be made be made following a bench trial during which this Court may consider appropriate testimony and evidence.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Joint Custody and Visitation is hereby DENIED. A Scheduling Conference is set for January 30, 2012, at 2:00 p.m.

**SO ORDERED** this 9th day of January 2012.

JAN 09 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 1 0 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam

3